IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODNEY SMITH, | ) |
| Plaintiff, | ) |
| v. | ) 13 C 2788 |
| SAFECO INSURANCE, | ) Judge Virginia M. Kendall |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Rodney Smith alleges that Defendant Safeco Insurance willfully violated the Fair Credit Reporting Act ("FCRA") by pulling Smith's credit reports without any permissible purpose. (Dkt. No. 27.) Smith filed his initial complaint on April 12, 2013. (Dkt. No. 1.) A little more than one month later, Safeco moved to dismiss that complaint for failure to state a claim. (Dkt. No. 10.) Smith filed an amended complaint (Dkt. No. 14) and, five days later, sought leave to do so (Dkt. No. 15). This Court allowed the amended complaint. (Dkt. No. 18.) Safeco again moved to dismiss for failure to state a claim. (Dkt. No. 20.) Smith then sought leave to file a corrected amended complaint (Dkt. No. 27), which this Court granted as a motion for leave to file a second amended complaint (Dkt. No. 28). Safeco then filed a third motion to dismiss for failure to state a claim (Dkt. No. 29), which this Court grants.

**STANDARD OF REVIEW**

When deciding a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this Court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). In addition, this

1

Court must liberally construe Smith's pleadings because he is a pro se litigant. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains sufficient factual content to support a reasonable inference that the defendant is liable for the alleged misconduct. *Yeftich*, 722 F.3d at 915. Factual content that is "merely consistent with a defendant's liability" falls short of the facial plausibility necessary to state a claim because it does not raise liability beyond the speculative level. *See id.* (quoting *Twombly*, 550 U.S. at 557). In other words, plausibility—and not mere possibility—is required because the well-pleaded facts must show an entitlement to relief. *See id.*

## **DISCUSSION**

According to Smith, Safeco pulled his Experian and TransUnion credit reports without permissible purpose. (Dkt. No. 27 ¶¶ 9-10) Under the FCRA, a company may request a consumer's credit report for the reasons articulated in the statute, which include in connection with a potential credit transaction, to service an existing credit obligation, or to underwrite insurance. *See* 15 U.S.C. § 1681b. Smith maintains that, even though Smith never sought Safeco's services (Dkt. No. 27 ¶ 21), Safeco pulled Smith's credit reports on two separate occasions. (*id.* ¶¶ 9-10)

After learning that Safeco accessed his credit reports, Smith contacted Safeco to find out why. (*Id.* ¶ 11.) Safeco did not explain to Smith why anyone at or affiliated with Safeco pulled Smith's credit reports. (*Id.* ¶13). These allegations, taken as true, are sufficient to support an inference that Safeco pulled Smith's credit reports without a permissible purpose.

But Smith, who seeks statutory damages under 15 U.S.C. § 1681n, must also provide sufficient factual content in his complaint to support an inference that Safeco willfully violated the FCRA. He has not done so. According to Smith, Safeco "was in willful noncompliance" when it pulled Smith's credit reports without permissible purpose. (Dkt. No. 27 ¶ 22.) Smith also states that "Safeco willfully violated 15 U.S.C. §1681 (f) by obtaining Plaintiff's consumer report on March 4, 2011 which showed the credit pull being recorded on the Experian Credit Reporting Agency as well as on TransUnion Credit Reporting Agency without permissible purpose as defined by 15 U.S.C. §1681b." Both of these allegations, however, are conclusory in that they simply state that Safeco acted willfully in violation of the statute. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Smith must do more to state a claim for willfulness; he must provide factual allegations concerning Safeco's state of mind. A company must act knowingly or with reckless disregard of the law to violate the FCRA willfully. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 (2007). This requires an allegation concerning Safeco's state of mind. *See id.* at 60 (explaining that plaintiffs have a "choice of mental states to show in making a case" for willfulness in a civil case as compared to a criminal case); *see also*, *e.g.*, *Caterpillar Inc. v. Occupational Safety & Health Review Comm'n*, 122 F.3d 437, 440 (7th Cir. 1997) (explaining that willfulness under the Occupational Safety and Health Act of 1970 requires a state of mind of conscious disregard or plain indifference). For example, an allegation that a company preselected and targeted consumers for credit solicitations without the consumers' knowledge or permission supports a claim for willfulness under the FCRA. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d

614, 624 (7th Cir. 2007). This allegation supports an inference that the insurer recklessly disregarded the FCRA in an effort to expand its customer base.

Here, Smith has not pleaded any factual allegations that support an inference that Safeco acted knowingly or with reckless disregard of the law when it pulled Smith's credit reports. Smith alleges that Safeco violated the FCRA on March 4, 2011, and November 28, 2012, when it pulled Smith's credit reports for "insurance underwriting." (Dkt. No. 27 ¶¶ 9-10; Ex. A to Dkt. No. 27; Ex. D to Dkt. No. 42.) Given that Smith did not seek insurance from Safeco, this could not have been Safeco's purpose. Even so, these allegations do not support a claim for willfulness because they merely introduce the possibility that Safeco willfully violated the FCRA.

Based on these allegations, it is also possible that Safeco pulled Smith's credit reports by mistake. *See*, *e.g.*, *Farkash v. RJM Acquisitions Funding, Inc.*, 12-CV-735 ER, 2012 WL 2619710 (S.D.N.Y. July 5, 2012) ("[plaintiff] fails to allege facts suggesting that Defendants were more than innocently mistaken"); *Perl v. Plains Commerce Bank*, 11 Civ. 7972 KBF, 2012 760401 (S.D.N.Y. Mar. 8, 2012) (mistake just as possible as willful violation of FCRA absent allegations concerning defendant's state of mind). The mere possibility of willfulness does not raise Smith's claim beyond the speculative level. Smith has not pleaded that Safeco pulled his credit reports after he told Safeco that he did not seek insurance from Safeco. Safeco also has not pleaded that Safeco asked Smith to obtain insurance from Safeco. In fact, Smith has not pleaded any factual allegations that suggest why Safeco pulled Smith's credit reports. Consequently, there is no factual support for an inference that Safeco acted knowingly or with reckless disregard.

In his opposition to Safeco's motion[1], Smith relies heavily on whether Safeco had a permissible purpose in pulling Smith's credit reports. (*See*, *e.g.*, Dkt. No. 42 ¶¶ 2, 5, and 9.) As explained above, this is only half of what Smith must plead to state a plausible claim. Smith must also plead factual content that supports an inference that Safeco acted willfully, which he has not done.

Smith also cites *Beaudry v. Telecheck Serv., Inc.*, 579 F.3d 702 (6th Cir. 2009) for the proposition that a plaintiff does not need to show actual damages when bringing a claim for a willful violation of the FCRA. (Dkt. No. 42 ¶ 14.) This is not in dispute. Nor is it relevant, as it does not absolve Smith of the need to plead willfulness adequately.

Smith further argues in his opposition that Safeco has not shown that it had a permissible purpose for pulling Smith's credit reports. (*See*, *e.g.*, *id.* ¶¶ 13 and 16.) But whether Safeco had a permissible purpose is not the only issue here. Even if Safeco did not have a permissible purpose, Smith would have to show that Safeco acted willfully. At this stage in the case, that means that Smith has to make factual allegations that, if true, show that Safeco knew that it did not have a permissible purpose or recklessly disregarded the need to have a permissible purpose when it pulled Smith's credit reports.

For example, if Smith alleged that Safeco pulled Smith's credit reports after he told Safeco that he was not interested in obtaining insurance from them, then that allegation would

---

[1] Smith fashioned his pleading as a "Response in Opposition to Motion to Dismiss Corrected Amended Complaint and Summary Judgment." Smith withdrew his motion for summary judgment as premature. (Dkt. No. 50.) Nonetheless, this Court considered all of the arguments Smith raised in his pleading when deciding whether to grant Safeco's motion to dismiss. *See Help at Home, Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001) ("A plaintiff need not put all of the essential facts in the complaint, he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint.").

likely support a claim for willfulness. *See*, *e.g.*, *Perez v. Portfolio Recovery Associates, LLC*, Civ. 12-1603 JAG, 2012 WL 5373448 (D.P.R. Oct. 30, 2012) ("Plaintiff cannot claim that his communication put Defendant on notice that their actions were illegal. The opposite seems to be the case, as there appear no inquiries made by Defendant after the date in which Plaintiff allegedly notified Defendant of his impending lawsuit.") Similarly, if Smith alleged that Safeco pulled his report as part of a scheme to solicit new business from people who had not sought insurance from Safeco, then that allegation would likely support a claim for willfulness. *See Killingsworth*, 507 F.3d at 624. Smith has alleged nothing of the sort. Absent allegations as to Safeco's state of mind when it pulled Smith's credit reports, Smith cannot state a claim for willful violations of the FCRA under 15 U.S.C. § 1681n.

**CONCLUSION**

For the reasons stated herein, this Court dismisses Smith's corrected amended complaint without prejudice. Further, this Court denies Safeco's motion to strike Smith's claim for attorney's fees as moot.

Smith has twenty-eight days from the date of this order to file a third-amended complaint that sets forth factual content that supports an inference that Safeco knowingly violated or recklessly disregarded its obligations under the FCRA. In view of Smith's pro se status, this Court advises Smith that he can file a third-amended complaint only if "the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). This Court further advises Smith that a third-amended complaint, if filed, must stand on its own. Additionally, Smith may consider seeking the assistance of the Pro Se Assistance Program. Smith can make an appointment by calling 312.435.5691 or 312.582.8727.

                                                                                   Virginia M. Kendall
                                                                                    United States District Court Judge
                                                                                    Northern District of Illinois

Date: October 11, 2013