# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Plaintiff<br>Smith<br>v.<br><br>Defendant<br>Safeco | Case No: 13 c 2788<br><br>Judge Virginia M. Kendall |

**ORDER**

Court grants Safeco's motion to dismiss and dismisses Smith's Third Amended Complaint with prejudice. Status hearing set for 3/10/2014 is stricken.

(T:05) **STATEMENT**

In his Third Amended Complaint (Dkt. No. 53), Rodney Smith alleges that Safeco Insurance willfully violated the Fair Credit Reporting Act ("FCRA") by pulling his credit reports without any permissible purpose. Smith filed his Third Amended Complaint after this Court dismissed his Second Amended Complaint (Dkt. No. 27) because Smith did not include sufficient factual content to support a reasonable inference that Safeco willfully violated the FCRA. (Dkt. No. 51 at 7.) Because Smith is a *pro se* plaintiff, this Court dismissed Smith's Second Amended Complaint without prejudice to give Smith an opportunity to plead willfulness adequately.

He has not done so. Smith's Third Amended Complaint, for the most part, tracks his Second Amended Complaint. He alleges that Safeco pulled his credit report without a permissible purpose, describes his efforts to investigate the credit report inquiry, and explains that one who acts knowingly or recklessly may violate the FCRA. But Smith fails to correct the deficiencies identified in this Court's order dismissing his Second Amended Complaint. Specifically, Smith states that Safeco "was in willful noncompliance" when it pulled his credit report (Dkt. No. 53 at ¶ 65), and that Safeco "willfully violated 15 U.S.C. § 1681b(f)" by obtaining his credit reports from Experian and TransUnion (Dkt. No. 53 at ¶¶ 69 and 72). These conclusory allegations concerning willfulness are no different from those in Smith's Second Amended Complaint where he alleged that Safeco "was in willful noncompliance" and that Safeco "willfully violated the FCRA." (*See* Dkt. No. 27 at ¶¶ 22 and 27.)

A plaintiff must support allegations concerning a defendant's state of mind with factual content. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013) ("Bare assertions of the state of mind required for the claim . . . must be supported with subsidiary facts."). When dismissing Smith's Second Amended Complaint, this Court explained that Smith needed to include factual allegations that supported his allegations of willfulness. (Dkt. No. 51 at 5.) This Court even provided examples of the types of factual allegations that would support allegations of willfulness. (*Id.* at 5-6.) By doing so, and by allowing Smith to file three amended complaints, this Court extended Smith the leniency normally given to *pro se* litigants. Even so, Smith did not amend his complaint to include any factual

content to support a reasonable inference that Safeco acted willfully. Smith's repeated failure to plead willfulness adequately requires dismissal of his complaint with prejudice. Therefore, this Court grants Safeco's motion to dismiss and dismisses Smith's Third Amended Complaint with prejudice.


Date: March 7, 2014                    /s/ Virginia M. Kendall